# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| ALEX GONZALES,<br>       Plaintiff, | Case No. 1:17-cv-70 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| WARDEN, SOUTHERN OHIO<br>CORRECTIONAL FACILITY,<br>       Defendant. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this civil rights action under 42 U.S.C. § 1983. (*See* Doc. 1, Complaint). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as

frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

2

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, brings this action against SOCF's Warden, Ronald Erdos. (*See* Doc. 1, Complaint, at PAGEID#: 8). Plaintiff alleges that on December 30, 2016, he submitted a urine sample for a "lab corp drug test," which resulted in a "positive reading for methamphetamine." (*Id.*, at PAGEID#: 9). Plaintiff states that he was then taken to segregation where he was "given the option to send [his] urine [sample] out to a private lab for further testing at a cost . . . of $25.00 . . . unrefundable." (*Id.*). Plaintiff opted to send the sample out for further testing. On January 5, 2017, he was released from segregation when the additional testing revealed "no control[l]ed substance was found in the urine sample." (*Id.*). Plaintiff contends that the defendant should not have permitted the use at SOCF of the inaccurate drug test, which caused him to "wrongly" suffer the punishment of a week locked in segregation. (*Id.*). As relief, plaintiff requests damages for his "suffering." (*Id.*, at PAGEID#: 10). Plaintiff also requests the issuance of an order preventing SOCF "from administering instant drug test because [it is] not 100% accurate." (*Id.*).

3

Plaintiff's complaint is subject to dismissal at the screening stage for failure to state a claim upon which relief may be granted by this Court. In order to state a viable claim under 42 U.S.C. § 1983, plaintiff must allege facts showing that the defendant deprived him of "a right secured by the United States Constitution or a federal statute." *See Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003).

As an initial matter, plaintiff has not stated a claim that rises to the level of a constitutional violation to the extent he challenges the drug testing conducted at SOCF solely because it is not 100% accurate, as demonstrated by the one false positive result that plaintiff received in December 2016. *Cf. Higgs v. Bland,* 888 F.2d 443, 449 (6th Cir. 1989) (citing *Spence v. Farrier*, 807 F.2d 753, 756 (8th Cir. 1986); quoting *Mackey v. Montrym*, 443 U.S. 1, 13 (1979)) (in rejecting prisoners' claims in consolidated class actions challenging disciplinary actions taken against prisoners based on urinalysis tests for drugs, the Sixth Circuit reasoned that the "reliability of the . . . test has repeatedly been found to meet due process standards," which have "'never been construed to require that the procedures used to guard against an erroneous deprivation of a protectable property or liberty interest be so comprehensive to preclude any possibility of error'") (internal quotation marks omitted); *Martin v. Wilkinson,* No. 93-3709, 1994 WL 20096, at *1 (6th Cir. Jan. 24, 1994) (rejecting the Ohio prisoner's claim that he was forced to submit to an inaccurate drug test in violation of his constitutional rights); *Wells v. Dane Cnty.*, No. 06-C-345-S, 2007 WL 128333, at *4 (W.D. Wis. Jan. 11, 2007) (pointing out that although a "false positive urine test and the failure to retest the urine before detaining plaintiff may have been the result of negligence," it did not, as the plaintiff had conceded, "rise to the level of a constitutional violation"); *see also Easter v. Saffle*, 51 F. App'x 289, 289 (10th Cir.

4

2002) ("Though the risk of false positives has not been entirely eliminated, . . . [the] use of the test results may be relied upon as sufficient evidence to warrant prison discipline."); *Peranzo v. Coughlin*, 850 F.2d 125, 126 (2nd Cir. 1988) (per curiam) (in a case where the evidence established that the testing procedure of an initial test and a subsequent confirming test was at least 98% accurate, the Second Circuit affirmed the district court's holding that although "the risk of false positives ha[d] not been entirely eliminated, . . . use of the test results [could] be relied upon as sufficient evidence to warrant prison discipline" and the prisoner's "detention prior to the disciplinary hearings . . . conformed to the requirements of due process"); *Spence*, 807 F.2d at 756 (and numerous cases cited therein) (in holding in accordance with the cited cases that urinalysis testing for drugs is "sufficiently reliable to meet the requirements of the due process clause" for prison disciplinary sanctions, the Eighth Circuit stated that "[a]lthough it is conceivable that an inmate could be unjustly disciplined as a result of [the] tests, the margin of error is insignificant in light of institutional goals" and "[s]tates need not implement all possible procedural safeguards against erroneous deprivation of liberty when utilizing results of scientific testing devices in accusatory proceedings'"); *Rivas v. Cross*, No. 2:10cv98, 2011 WL 1601289, at *7 (N.D. W. Va. Apr. 1. 2011) (Report & Recommendation) (citing *Spence*) ("the fact that the [prison's drug] tests may not be 100% reliable is not grounds for [federal habeas] relief" challenging a prison disciplinary sanction), *adopted*, 2011 WL 1601288, *4 (N.D. W. Va. Apr. 27, 2011), *aff'd*, 448 F. App'x 332 (4th Cir. 2011) (per curiam).

In addition, no due process concerns are triggered by plaintiff's placement in segregation for a week after the initial test result revealed a "positive reading for methamphetamine" *Cf. Wells, supra*, 2007 WL 128333, at *4 (holding the plaintiff's due process rights were not violated

5

when she was "mistakenly detained" for violating supervised release based on a false positive drug test result because the deputies "reasonably relied on the test results to suspect plaintiff of a rule violation"); *see also Higgs*, 888 F.2d at 449 (concluding with "little difficulty" that "the presence of a positive [urinalysis] test constitutes 'some evidence' from which the [prison disciplinary] board could conclude that a tested inmate was guilty of the offense of drug use"); *Rivera v. Wholrab,* 232 F. Supp.2d 117, 123-24 (S.D.N.Y. 2002) (citing *Peranzo*) ("drug test results . . ., even on their own, . . . constitute sufficient evidence of guilt of drug use in prison disciplinary proceedings"). Indeed, the courts have uniformly held that due process is satisfied for a disciplinary sanction based on the results of a single drug test. *See, e.g.*, *Easter*, 51 F. App'x at 289 (in affirming the screening dismissal of a prisoner complaint challenging a disciplinary sanction imposed after the plaintiff tested positive for drugs by means of a urinalysis, the Tenth Circuit rejected the plaintiff's claim that a blood test should have been performed to confirm the reliability of the test result because a "*single* urinalysis amounts to 'some evidence' and thus satisfies due process") (emphasis in original); *White v. Stansil,* No. 2:15cv242, 2016 WL 4009954, at *5-6 (E.D. Cal. July 25, 2016) (and numerous cases cited therein) (pointing out that "numerous courts have held that a prisoner does not have a constitutional right to an additional drug test to verify the results of an initial positive test" in rejecting a habeas petitioner's claim challenging a prison disciplinary sanction imposed after the petitioner's initial urine sample tested positive for methadone); *see also Bonilla v. Atkinson*, C/A No. 9:13-2112, 2014 WL 3687430, at *4-5 (D.S.C. July 23, 2014) (and numerous cases cited therein); *Rivas*, *supra*, 2011 WL 1601288, *4, *adopting*, 2011 WL 1601289, at *7 & n.5-6 (and numerous cases cited therein); *Vega v. McCann*, No. 08C4536, 2010 WL 1251444, at *3 n.1

6

(N.D. Ill. Mar. 23, 2010) (and numerous cases cited therein); *Wegener v. Gutierrez*, No. 2:06cv26, 2007 WL 1575966, at *6 & n.3 (N.D. W. Va. May 30, 2007) (and numerous cases cited therein).

In any event, plaintiff's placement for a week in segregation while awaiting the results of the further testing, does not implicate due-process concerns under the Fourteenth Amendment because the challenged action did not amount to a deprivation of a constitutionally protected liberty interest. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court held that the Fourteenth Amendment confers on prisoners only a "limited" liberty interest "to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or which "will inevitably affect the duration of his sentence." *Sandin*, 515 U.S. at 484, 487; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Williams v. Wilkinson,* 51 F. App'x 553, 556 (6th Cir. 2002). The Sixth Circuit has held that confinement in segregation generally does not rise to the level of an "atypical and significant" hardship implicating a liberty interest except in "extreme circumstances, such as when the prisoner's complaint alleged that he is subject to an *indefinite* administrative segregation" or that such confinement was excessively long in duration. *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008)) (emphasis in original); *see also Harris v. Caruso,* 465 F. App'x 481, 484 (6th Cir. 2012) (holding that the prisoner's 8-year confinement in segregation was of "atypical duration" and thus "created a liberty interest that triggered his right to due process"). *Cf. Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (ruling that an inmate's transfer to Ohio's "supermax" prison "imposes an atypical and significant hardship" given the combination of extreme isolation of inmates,

7

prohibition of almost all human contact, indefinite duration of assignment, and disqualification for parole consideration of otherwise eligible inmates).

Here, plaintiff has not alleged that his confinement in segregation based on his initial positive drug test resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life. Moreover, because plaintiff's confinement in segregation was brief, it did not amount to an atypical and significant hardship. *Cf. Jones*, 155 F.3d at 812 (holding that an inmate's administrative segregation for two and a half years while his participation in a prison riot was being investigated did not amount to an atypical and significant hardship); *Mackey v. Dyke*, 111 F.3d 460, 461, 463 (6th Cir. 1997) (117-day delay in releasing the plaintiff from administrative segregation to the general prison population did not impose an atypical or significant hardship on the plaintiff and thus did not trigger due process concerns).

Finally, plaintiff's confinement for a week in segregation after the initial test results does not trigger any concerns of "cruel and unusual punishment" under the Eighth Amendment. *See, e.g., Harden-Bey,* 524 F.3d at 795 (quoting *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003)) ("Because placement in segregation is a routine discomfort that is part of the penalty that criminal offenders pay for the offenses against society, it is insufficient to support an Eighth Amendment Claim."). *Cf. Rodriguez v. Coughlin*, 795 F. Supp. 609, 613 (W.D.N.Y. 1992) (dismissing the plaintiff's claim challenging a prison's random urinalysis testing program on Eighth Amendment grounds).

Accordingly, for the foregoing reasons, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon

which relief may be granted by this Court.

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint (Doc. 1, Complaint) be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

                                        *s/Stephanie K. Bowman*
                                        Stephanie K. Bowman
                                        United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| ALEX GONZALES,<br>    Plaintiff, | Case No. 1:17-cv-70 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| WARDEN, SOUTHERN OHIO<br>CORRECTIONAL FACILITY,<br>    Defendant. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc